UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BONITA POWELL, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD M. HILKER *et al.*, <br><br> Defendants. | CAUSE NO. 1:22-CV-87 DRL-SLC |

OPINION & ORDER

Bonita Powell filed a *pro se* complaint against Dr. Richard Hilker, Dr. Jonathan Detommaso, and Erik Chickedantz Mediation, LLC. She alleges Dr. Hilker clipped her two big toenails causing her pain, and Dr. Detommaso refused to give her pain medicine and failed to report Dr. Hilker's actions. Erik Chickedantz Mediation, LLC is not mentioned elsewhere in the complaint outside the case caption. She moves to proceed *in forma pauperis*.

The court has an independent obligation to insure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Ms. Powell is not bringing, or at least has not alleged, a claim under federal law invoking federal question jurisdiction. Rather, her factual allegations seemingly lend themselves to state tort claims, thereby demanding she meet the requirements of diversity jurisdiction. Under 28 U.S.C. § 1332, federal courts have diversity jurisdiction over cases involving citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs. *Smith*, 337 F.3d at 892. Ms. Powell does not properly plead the existence of diversity jurisdiction.

"Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]" *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Merely stating a person's residency isn't enough to establish citizenship for the purposes of diversity jurisdiction. *Heinen*

*v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Ms. Powell did not assert in her complaint the state of her citizenship or the states where Dr. Hilker and Dr. Detommaso have citizenship—a necessity so the court may determine jurisdiction to hear her case. She included an address with no city or state listed. Ms. Powell must be a citizen of a different state than Dr. Hilker and Dr. Detommaso to bring her claim in federal court through diversity jurisdiction.

Erik Chickedantz Mediation, LLC is also listed as a defendant in this case. She stated that the company's address is in Fort Wayne, Indiana. For unincorporated entities, such as limited liability companies, the court will "apply [its] oft-repeated rule that it possesses the citizenship of all its members." *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 383 (2016) (quotations omitted); *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006) (an LLC "has the citizenship of each of its members"). Ms. Powell must state in her complaint the citizenship of every member of Erik Chickedantz Mediation, LLC. If Mr. Erik Chickedantz is the sole member, then she must state his citizenship. Ms. Powell's state of citizenship must also be different than the state of citizenship of each member of Erik Chickedantz Mediation, LLC.

Additionally, the amount in controversy in Ms. Powell's case must exceed $75,000. To satisfy the amount in controversy requirement for diversity jurisdiction, a plaintiff's claim of damages of more than $ 75,000 must be made with a good-faith basis for the amount alleged. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009); *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). An inquiry to determine the amount in controversy typically starts with the face of the complaint, where the plaintiff's request for relief indicates the value of the claim. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Courts will find jurisdiction based on the plaintiff's complaint unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, Ms. Powell asks for relief in the form of "the truth" [ECF 1 at 3] and "reimburse[ment]" but does not

state how much [ECF 1-1 at 4]. Though the truth can be priceless, it is not enough to cross the damages threshold to invoke the limited jurisdiction of this federal court.

Separate from jurisdictional review, the court must also determine whether Ms. Powell's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so, what it is. *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (quotations and citation omitted). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Based on the facts alleged, it is difficult for the court to understand if valid claims are alleged and if so, what they are. Ms. Powell's complaint includes no facts as to her claim against Erik Chickedantz Mediation, LLC and very limited facts as to her claims against Dr. Hilker and Dr. Detommaso. She does not explain—and when she does its minimal—what exactly occurred and how it occurred to allow the court to determine if she is entitled to relief, *see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003), nor does she state what claims she intends to assert against all these defendants. She is required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and so they can properly respond. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Her pleading must contain more than factual assertions that create mere suspicion of a legally cognizable right of action. She has not asserted

3

enough factual allegations against Erik Chickedantz Mediation, LLC, Dr. Hilker, or Dr. Detommaso so they and the court may have notice of what her claims are. In the absence of sufficient factual assertions pertaining to each responsible defendant and the conduct giving rise to each claim, the court is unable to fully analyze jurisdiction or her claims to consider her motion to proceed *in forma pauperis*.

Given that she is proceeding *pro se*, the court will grant Ms. Powell another opportunity and let her file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). She should properly plead subject matter jurisdiction and provide as many facts as to what transpired. There must be sufficient facts pleaded to allow the court and the defendant to understand the gravamen of her complaint. *See Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996).

The court AFFORDS Ms. Powell leave to amend her complaint by April 26, 2022 and TAKES UNDER ADVISEMENT her motion to proceed *in forma pauperis* [ECF 2] pending receipt of an amended pleading. The court CAUTIONS Ms. Powell that the failure to amend her complaint could result in the immediate dismissal of this case because the current complaint is deficient.

SO ORDERED.

April 4, 2022                              *s/ Damon R. Leichty*
                                           Judge, United States District Court