UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BONITA POWELL,

    Plaintiff,

v.                                             CAUSE NO. 1:22-CV-87 DRL-SLC

RICHARD M. HILKER *et al.*,

    Defendants.

## OPINION & ORDER

Bonita Powell, proceeding *pro se*, filed a motion to proceed *in forma pauperis* and a complaint against Dr. Richard Hilker, Dr. Jonathan Detommaso, and Erik Chickedantz Mediation, LLC seemingly alleging state tort claims. The court took her motion to proceed *in forma pauperis* under advisement due to jurisdictional and rule-compliance issues in her original complaint and afforded her the opportunity to amend her complaint. The court cautioned her of the jurisdictional requirements to bring her claims within the limited jurisdiction of federal court. She timely filed her amended complaint and supplement. Nevertheless, the court does not have jurisdiction to hear her case.

The court construes Ms. Powell's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). The party invoking diversity jurisdiction bears the burden of showing its existence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021).

Ms. Powell claims she was injured when her two big toenails were inappropriately cut. As amended, her factual allegations adumbrate only state law tort claims, whether negligence or medical malpractice or some other tort.

She has not raised a federal question, thereby demanding she meet the requirements of diversity jurisdiction. Under 28 U.S.C. § 1332, federal courts have diversity jurisdiction over cases involving citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs. *Smith*, 337 F.3d at 892. The court's previous order outlined how her original complaint failed to meet the requirements of diversity jurisdiction. For the same reasons as her original complaint, Ms. Powell's amended complaint and claims do not meet the requirements of diversity jurisdiction.

Unchanged from her original complaint, Ms. Powell did not assert in her amended complaint the state of her citizenship or the states where Dr. Hilker and Dr. Detommaso have citizenship. "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Merely stating a person's residency isn't enough to establish citizenship for the purposes of diversity jurisdiction. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). She included addresses with no cities or states listed. The court cannot determine jurisdiction without the parties' states of citizenship.

Erik Chickedantz Mediation, LLC is also listed as a defendant in this case. In her original complaint she stated that the company's address is in Fort Wayne, Indiana. In her amended complaint, she included an address with no city or state listed. This is problematic in more ways than one because for unincorporated entities, such as limited liability companies, the court will "apply [its] oft-repeated rule that it possesses the citizenship of all its members." *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 383 (2016) (quotations omitted); *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006) (an LLC "has the citizenship of each of its members"). Ms. Powell should have stated in her

2

complaint the citizenship of every member of Erik Chickedantz Mediation, LLC. If Mr. Erik Chickedantz is the sole member, then she should have stated his citizenship. She does not list any state of citizenship for this defendant.

Additionally, the amount in controversy in Ms. Powell's case must exceed $75,000. *See Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009); *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Courts will find jurisdiction based on the plaintiff's complaint unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Ms. Powell did amend her complaint to add a numerical amount rather than requesting relief in the form of "the truth" and "reimburse[ment]" as stated in her original complaint. Though a step in the right direction, her request for $20,000 in relief does not cross the $75,000 threshold to invoke diversity jurisdiction.

The court need not dive into the factual basis of her claims because the court lacks jurisdiction. Accordingly, the DENIES her motion to proceed *in forma pauperis* [ECF 2] and DISMISSES her case for lack of subject matter jurisdiction, without prejudice to refiling in state court, if appropriate.

SO ORDERED.

April 28, 2022                    *s/ Damon R. Leichty*
                                   Judge, United States District Court

3